UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD.,

    Plaintiff,

v.                               Case No. 8:23-cv-2829-WFJ-TGW

BMP INTERNATIONAL, INC.;
BMP USA, INC.; and XIANBIN
MENG,

    Defendants.
_____/

# ORDER

Before the Court is BMP International, Inc. ("BMP International"), BMP USA, Inc. ("BMP USA"), and Xianbin Meng's (collectively, "Defendants") Motion to Dismiss (Dkt. 39). Plaintiff T.T. International Co., Ltd. ("Plaintiff") has responded in opposition (Dkt. 43) and Defendants have replied (Dkt. 46). Upon careful consideration, the Court denies Defendants' Motion.

## BACKGROUND

BMP International and BMP USA (collectively, the "BMP Defendants") are Florida-based refrigerant importers allegedly controlled by Mr. Meng. Dkt. 32 at 3–4, 5. Plaintiff is a Chinese company that exports refrigerants. *Id.* For a time, they all worked together in the refrigerant business.

The parties' relationship changed in 2019 when Plaintiff sued the BMP Defendants and iGas USA, Inc. ("iGas USA")—another entity allegedly controlled by Mr. Meng—in the Middle District of Florida to recover outstanding debt (the "Original Action").[1] The Original Action ultimately resulted in a judgment against the BMP Defendants for over $85,000,000. *See* OA Dkt. 224. Post-judgment litigation is still pending in the Original Action.

Prior to the aforementioned judgment, Plaintiff also filed a fraudulent transfer action against the BMP Defendants, iGas USA, and iGas Holdings, Inc. ("iGas Holdings") in the Middle District of Florida (the "First Fraudulent Transfer Action").[2] There, Plaintiff alleged that Defendants engaged in a fraudulent scheme to avoid any judgment in the Original Action by transferring "the BMP Defendants' (a) rights to HFC allowances[3]; (b) inventories; and (c) equipment" to iGas USA and iGas Holdings. FFTA Dkt. 1 at 14. The First Fraudulent Transfer Action is currently stayed pending resolution of the defendant's interlocutory appeal concerning the Court's denial to compel arbitration. *See* FFTA Dkt. 65.

On December 11, 2023, approximately five months after the Court stayed the First Fraudulent Transfer Action, Plaintiff filed the instant action (the "Second

---

[1] *See T.T. Int'l Co., Ltd. v. BMP Int'l, Inc., et al.*, 8:19-cv-02044-CEH-AEP (M.D. Fla.). The Court will cite to the Original Action as "OA Dkt. [docket number]."
[2] *See T.T. Int'l Co., Ltd. v. BMP Int'l, Inc., et al.*, 8:22-cv-01876-WFJ-JSS (M.D. Fla.). The Court will cite to the First Fraudulent Transfer Action as "FFTA Dkt. [docket number]."
[3] "HFC allowances" refer to hydrofluorocarbon allowances granted by the United States Environmental Protection Agency.

Fraudulent Transfer Action"). *See* Dkt. 1. Plaintiffs now allege that Mr. Meng fraudulently transferred millions of dollars from the BMP Defendants to himself as well as current or former family members to defeat the Middle District's judgements. Dkt. 32 at 9–11. Plaintiff brings two fraudulent transfer counts. *Id.* at 11–15.

On February 15, 2024, Defendants brought the instant Motion to Dismiss. *See* Dkt. 39. Defendants argue that, in light of the First Fraudulent Transfer Action, the doctrine of claim-splitting precludes Plaintiff from bringing the Second Fraudulent Transfer Action. *Id.* at 9–17. Plaintiff disagrees. *See generally* Dkt. 43.

## DISCUSSION

The claim-splitting doctrine is a "prudential rule" that "requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Est. of Keeter v. Comm'r of Internal Revenue*, 75 F.4th 1268, 1287 (11th Cir. 2023). In analyzing this rule, courts apply a two-factor test that asks: "(1) whether the case involves the same parties and their privies, and (2) whether [the] separate cases arise from the same transaction or series of transactions." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841–42 (11th Cir. 2017) (internal quotation and citations omitted). Ultimately, "a new action will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new

3

facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis in original).

Here, Defendants' task is hindered by the well-known requirement that, at this stage, all plausible allegations in the Complaint must be accepted as true and construed in a light most favorable to Plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 706 (11th Cir. 2016). In this light, the instant Motion fails.

Based upon the Complaint, the Court finds that the Second Fraudulent Transfer Action raises claims that are new and independent from the claims asserted in the First Fraudulent Transfer Action. As an initial matter, the First Fraudulent Transfer Action did not address the fraudulent transfer of cash assets to individuals. An asset transfer of this nature is materially different from a transfer of equipment or HFC allowances to corporate entities. Indeed, cash assets enjoy a high level of liquidity, are generally moved through a series of transactions (as alleged here), and can be easily disguised and further transferred to other individuals through legitimate banking systems. The operative nucleus of facts needed to prove a fraudulent transfer of cash assets is therefore easily distinguishable from the facts needed to prove the fraudulent transfers alleged in the First Fraudulent Transfer Action.

What is more, while Mr. Meng likely shares privity with the BMP Defendants, the First Fraudulent Transfer Action is devoid of any claims that

4

involve direct asset transfers to Mr. Meng or his family. This means that the Second Fraudulent Transfer Action will turn on wholly independent secondary factual considerations. For instance, while the propriety of equipment asset transfers from the BMP Defendants to Mr. Meng's other entities will largely turn on adequate consideration, the propriety of cash transfers to Mr. Meng and his family members will largely turn on facts such as: (1) Mr. Meng's own financial contributions to the BMP Defendants; (2) whether many of the expenses Mr. Meng caused the BMP Defendants to pay were truly personal; and (3) who the BMP Defendants' corporate officers actually were. The facts are different.

In sum, the two actions in question here involve different types of transactions that occurred by different means. The Court therefore chooses to exercise its discretion by permitting the Second Fraudulent Transfer Action to proceed alongside the First Fraudulent Transfer Action. *See Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2019 WL 11769102, at *28 (S.D. Fla. Nov. 25, 2019) (collecting cases for the proposition that, "[b]ecause the rule against claim-splitting rests on principals of efficient judicial administration and the court's general power to control its docket, the Court has discretion to dismiss the claims or to permit them to proceed.").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendants' Motion to Dismiss (Dkt. 39) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on March 18, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record